# THE COUNTY OF COOK *et al.*

## *v.*

# THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

1. EASEMENT — *what constitutes.* A contract for the right to pass over the lands of another, is an easement, extending only to a temporary disturbance of the owner's possession.

2. SAME — *lease of a railroad.* Where it is alleged that the trains of one railroad company are being run over a portion of the road belonging to another company, under a contract of lease, in consideration of a stipulated rent for the right and privilege of using the road for that purpose, that only imports that the company thus using the road of the other, had the right and privilege of running its trains under a contract.

3. SAME — *who is an owner or occupant.* As the grantee of a mere easement over the land of another, is not the owner or occupant of the estate over which it is granted, so the mere running of the trains of one railroad company over the road of another company, does not make the company running them an occupant with any vested interest in the road.

4. TAXATION — *rolling stock of railroads — when and where taxable.* The statute provides that " the rolling-stock of railroad companies shall be listed and taxed in the several counties, towns and cities, *pro rata*, in proportion as the length of the main track in each county, town or city bears to the whole length of the road." While the court are not prepared to say that a leased road may not be a part of the main track of the lessee within the meaning of the statute, it is clear that a road over which a company occasionally runs its trains under a mere easement or a license, is not any part of its main track.

5. So where one railroad company runs its trains in a certain county upon the road of another company, under a mere easement, the rolling stock of the company so using the road of another is not subject to assessment for taxation in that county.

6. JURISDICTION IN CHANCERY — *to restrain the collection of a tax illegally assessed, and herein of the remedy of the party paying such tax at law.* While it may be considered settled that a court of equity will never entertain a bill to restrain the collection of a tax excepting in cases where the tax is unauthorized by law, or, where it is assessed upon property not subject to taxation, this court has never held that it would take jurisdiction in such excepted cases, without special circumstances, showing that the collection of the tax would be likely to produce irreparable injury or cause a multiplicity of suits. And in this case the court desire to be understood as expressing no opinion in regard to what special circumstances are necessary to entitle a party to relief in equity in cases where a tax is unauthorized by law, or where it is assessed upon property not subject to taxation.

7. Ordinarily, a party of whom a tax is illegally collected, has an ample remedy at law by an action of trespass against the officer collecting it, or by an action of assumpsit to recover back the money paid.

8. So, where a county illegally assesses and collects a tax upon the rolling stock of a railroad company, the same not being taxable in such county by reason of the company only using another road therein under a mere easement, the company may bring its action against the county and recover the money back.

APPEAL from the Superior Court of Chicago.

This was a suit in chancery, instituted in the court below by the Chicago, Burlington and Quincy Railroad Company against the county of Cook and its treasurer, to restrain the collection of a tax assessed by the board of supervisors of said county upon the rolling stock of the company, for the year 1862.

The bill sets forth that the complainant is a corporation under the laws of the State; that it is authorized to construct and maintain, and that it has constructed, and is operating a railroad from the Junction, so called, in the county of Du Page, southwardly to Galesburg, in the county of Knox, &c.

The said company owns no railroad from the said Junction in Du Page county, eastward to or into the city of Chicago, nor does it or operate any railroad to or within the limits of Cook county, &c.

That from the said Junction to the said city of Chicago, complainant runs its trains over the railroad of the Galena and Chicago Union Railroad Company, under a contract of lease, and pays to said company a stipulated rent for the right and privilege of using its road for that purpose; and that, in the same manner, it runs its trains over the Peoria and Oquawka Railroad, from Galesburg aforesaid westward to Burlington, under a lease for that purpose, and that it runs no railroad west of Galesburg in the State.

That the whole length of the company's main track is 138 miles, and extends from the Junction aforesaid through the counties of Du Page, Kane, Kendall, Bureau, Henry and Knox, and that the whole amount of its rolling stock is $474,335, and that all the said rolling stock was listed, scheduled and taxed, and that the taxes have been paid thereon for the year 1862 in

the said several counties through which its said road passes, between said Junction and Galesburg, *pro rata* in each county in proportion as the length of the main track in each county bears to the length of the company's said railroad.

The complainant alleges that the board of supervisors of Cook county assessed the rolling stock of said company at the sum of $39,000, and have levied a tax thereon of $564.66, and that the treasurer of said county is about to sell the property of the complainant, situated in said county, for the purpose of collecting the same.

The bill further sets forth, that the length of the Galena and Chicago Union Railroad, in the said county of Cook, over which complainant runs its road, is 28 miles, and the said county of Cook, and said Keely, treasurer, insist that because the company runs its train over said portion of the said Galena and Chicago Union Railroad, in the county of Cook, in virtue of said contract of lease, that complainant is legally bound to pay taxes upon the whole of its rolling stock owned by it, and wherever situate; while, on the contrary, complainants contend that the levy of such tax on said rolling stock, by the county of Cook, is illegal and unjust; that complainant is once taxed on said property in the said respective counties through which its said road passes, and has paid the taxes thereon, and that it is not liable to be again taxed for the same property in the county of Cook.

The bill prays perpetual injunction, that the tax may be declared illegal and void, and set aside, and for general relief.

There was a demurrer to the bill, and the cause was heard upon bill and demurrer, with the following stipulation, to wit:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause, that the sole object of said cause is to have it judicially determined whether the complainants are liable to taxation for their rolling stock in the county of Cook, and all technical imperfections in the pleadings or proceedings are hereby expressly waived with a view to the decision of this simple question."

The court overruled the demurrer, and decreed that the tax assessed was illegal, and complainants were perpetually enjoined from collecting it.

The defendants thereupon took this appeal, and now submit the question whether the tax assessed upon the rolling stock of the company was illegally assessed.

Messrs. CLARK, CORNELL & NORTON, for the appellants.

Messrs. WALKER & DEXTER, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is a suit in equity to restrain the appellant and its treasurer, from collecting a tax assessed by its board of supervisors upon the rolling stock of the appellee. The bill alleges that the appellee was authorized to construct and maintain, and that it has constructed and is operating a railroad from Junction, in Du Page county, to Galesburg, in Knox county, and that it does not own or operate any railroad in Cook county. The bill further alleges that the appellee runs its trains over a section of the railroad of the Galena and Chicago Union Railroad Company, located in Cook county, under a contract of lease; paying to that company a stipulated rent for the right and privilege of so using its road; and that the tax was assessed for such running of its trains. A general demurrer was filed, which was overruled, and a decree was rendered enjoining the collection of the tax.

The bill does not state the nature of the contract between the appellee and the Galena and Chicago Railroad Company, with sufficient particularity to enable us to determine whether the appellee had any vested interest in the section of road over which it run its trains, or had a mere license to run them; nor does it allege the number or kind of trains run — whether they were passenger, freight, construction, or gravel trains; nor the regularity with which they were run — whether regularly, or in cases of extraordinary emergency. For aught that appears from the bill, the trains may have been occasional ones, run as

extraordinary exigencies required. The allegation of the bill that the trains of the appellee were run over the section of road in question under a contract of lease, in consideration of a stipulated rent for the right and privilege of using the road for that purpose, only imports that the appellee had the right and privilege of running its trains under a contract.

A contract for the right to pass over the lands of another, is an easement, extending only to a temporary disturbance of the owner's possession. The grantee of such an easement, is not the owner or occupant of the estate over which it is granted.

The allegation of the bill, that the taxes are claimed to be legally assessed by reason of such running of trains, is clearly insufficient to justify us in so holding; but the parties under their stipulation have agreed to consider it as a fact, stated in proper form.

We are unable to perceive any liability of the appellee to be assessed for its rolling stock, merely because it runs its trains over a section of road, under a mere easement or license. The companies whose railroads terminate in Chicago, for convenience in receiving and delivering freight in that city, use each other's roads; and no one has supposed that each company was liable to be taxed for its rolling stock, by reason of such user or right of user. It was insisted in argument that the appellee was an occupant of the section of road over which it ran its trains; but the mere running of trains over a road does not make the company running them an occupant with any vested interest in the road.

The statute provides, that " the rolling stock of railroad " companies shall be listed and taxed in the several counties, " towns and cities *pro rata*, in proportion as the length of the " main track in each county, town or city bears to the whole " length of the road." While we are not prepared to say that a leased road may not be a part of the main track of the lessee within the meaning of the statute, we think it clear that a road over which a company occasionally runs its trains under a mere easement or a license, is not any part of its main track. As, according to the allegations of the bill, and the stipulation

of the parties, this was the only ground for assessing the tax, we have no hesitation in holding it to have been illegally assessed.

We have carefully examined the former decisions of this court in regard to the asserted right of bringing a bill in equity to restrain the collection of a tax illegally assessed, and we have beeen unable to find any decision asserting equitable jurisdiction in such cases without regard to special circumstances. In *Cowgill* v. *Long*, 15 Ill. 202, a bill was filed to restrain the collection of a tax, and the court, in passing upon the objections to its validity, say, " if this were the only point " in the case, the complainants would clearly be entitled to the " relief sought." The remark was an incidental one, and not intended as decisive of the case. Immediately following it the court proceeds to show that the alleged defects had been remedied by an act of the legislature, and on that ground the relief sought was denied. In *The Ill. Cent. R. R. Co.* v. *The County of McLean*, 17 Ill. 291, the question was expressly waived and was not considered. In *Beverly* v. *Sabin*, 20 Ill. 357, the question was not raised or considered, and we are not prepared to say that the bill in that case might not have been maintained on the ground of preventing a multiplicity of suits. The case cannot be considered as an authority upon a point not considered by the court.

In the *Town of Ottawa* v. *Walker*, 21 Ill. 605, the court say, " when the law has conferred no power to levy a tax, or in " case a person or an officer not authorized by law to exercise " such a power, shall levy a tax, or when the proper persons " shall make the levy for purposes on the face of the levy not " authorized or for fraudulent purposes, a court of equity may " stay its collection by injunction." This language, applied to the case then under consideration, in which the court had jurisdiction to prevent multiplicity of suits, was strictly accurate.

In *The Chicago, Burlington & Quincy Railroad Co.* v. *Frary*, 22 Ill. 34, the jurisdiction was denied, except in cases where the tax itself was unauthorized by law, or, where it was assessed upon property which was not subject to the tax; and

in these cases the court does not assert that it will always grant relief.

The case then before the court was not within the exceptions mentioned and the relief sought was denied. In *Merritt* v. *Farris*, 22 Ill. 303, the court say that " equity will not restrain " a tax levied by officers, either *de jure* or *de facto*, where the " power to levy a tax is incident to their office; and that mere " irregularities and informalities in its levy or collection will " not be inquired into by a court of equity; but that parties " supposing themselves aggrieved will be left to seek their " remedy at law." In that case the defendants were acting as directors of a school district, and the court held that the law having conferred upon them power to levy the tax, even if the objections to it were well founded, a court of equity had no power to grant relief. In the case of *Munson* v. *Miner*, 22 Ill. 594, it was held that a court of equity had no power to restrain the collection of a tax where irregularities and informalities had occurred in its assessment and levy. In *McBride* v. *The City of Chicago*, 22 Ill. 574, the same rule was announced. So, in *Metz* v. *Anderson*, 23 Ill. 463, the relief sought was denied on the same ground. In *O'Kane* v. *Treat*, 25 Ill. 557, the question was not considered, but the relief sought was denied. In *The City of Peoria* v. *Kidder*, 26 Ill. 351, the court held that an assessment for opening a street was so far in the nature of a tax, that its collection would not be restrained for informalities or irregularities. While we consider it settled that a court of equity will never entertain a bill to restrain the collection of a tax excepting in cases where the tax is unauthorized by law, or, where it is assessed upon property not subject to taxation, this court has never held that it would take jurisdiction in such excepted cases without special circumstances showing that the collection of the tax would be likely to produce irreparable injury or cause a multiplicity of suits.

Ordinarily, a party of whom a tax is illegally collected has an ample remedy at law, by an action of trespass against the officer collecting it, or by an action of assumpsit to recover back the money paid. In the case under consideration, if the

tax was an illegal one, the appellee, after paying it, could have brought his action against the county and recovered the money back. *Van Doren* v. *The Mayor of New York*, 9 Paige, 388; *Haywood* v. *City of Buffalo*, 14 N. Y. 534; *Susquehanna Bank* v. *Supervisors of Broome Co.*, 25 id. 312; *Greene* v. *Mumford*, 5 R. I. 472; *Dodd* v. *City of Hartford*, 25 Conn. 255.

As the appellant by its stipulation has released the error of the court below in taking jurisdiction of the case, we desire to be understood as expressing no opinion in regard to what special circumstances are necessary to entitle a party to relief in equity in cases where a tax is unauthorized by law, or where it is assessed upon property not subject to taxation.

Finding the matter undetermined, as the questions necessarily arising have not been argued, we leave them as we find them.

The decree of the court below is therefore affirmed.

*Decree affirmed.*