NEHEMIAH P. CLARKE & another *vs.* MATHIAS GANZ, County Treasurer, etc.

March 30, 1875.

**Injunction to Restrain Collection of Taxes on Personal Property.——**An injunction will not lie to restrain the collection of taxes on personal property, merely because the tax is illegally levied; but there must be some special circumstances bringing the case within some recognized head of equity jurisprudence, such as that the plaintiff will be without an adequate remedy at law, or that such remedy will be practically valueless.

**Same—Complaint must allege traversable facts.**—This must be shown by alleging traversable facts. Where a complaint charges an intention to take and sell the property, and then proceeds, "thereby subjecting the plaintiffs to great costs and expense, and involving them in expensive and vexatious litigation and a multiplicity of suits, in order to keep the control of their property, and prevent an unjust sacrifice thereof," the part quoted does not allege traversable facts.

Appeal by plaintiffs from an order of the district court for Stearns county, *McKelvey,* J., presiding, sustaining a demurrer to the complaint.

*Cornell & Bradley,* for appellants.

*Peter Brick,* for respondent.

GILFILLAN, C. J.[1] This was a suit for an injunction to restrain the collection of a tax upon personal property, alleged to have been illegally assessed. A demurrer to the complaint was sustained in the court below. The principal

---

[1] Cornell, J., having been of counsel, did not sit in this case.

point made against the complaint is that an injunction will not lie to restrain the collection of a tax upon personal property. The view that we take of this point renders it unnecessary to decide whether, in this instance, the tax was legally assessed. Upon the propriety of issuing injunctions in such cases, the general rule appears to be that equity will not interfere, merely because the tax is illegal and void, but there must be some special circumstances attending the threatened injury, to distinguish it from a mere trespass, and thus bring the case within some recognized head of equity jurisprudence; otherwise the party aggrieved will be left to his remedy at law. High on Injunctions, § 354 and note.

In some of the states, exceptions have been allowed to this rule. There is so much diversity in the decisions allowing these exceptions that it is hardly profitable to discuss them, especially as none of them have any principle of equity jurisprudence to sustain them.

To bring a threatened distraint of personal property by a tax-collector within the jurisdiction of courts of equity, it must appear, not only that the taking will be a trespass, but that the plaintiff will be without an adequate remedy at law, or that such remedy will be practically valueless; as where the collector is insolvent, or where a multiplicity of suits will be necessary to enforce it. And in the complaint traversable facts must be alleged, to show that such will be the result of the taking.

In this case, the complaint alleges that the collector threatens to, and, unless restrained by this court, is about to proceed to enforce the tax by a levy and sale of divers articles of plaintiffs' personal property at public auction, and then continues, "thereby subjecting the plaintiffs to great injury, costs and expense, and involving them in expensive and vexatious litigation and a multiplicity of suits, in order to keep control of their property, and prevent an unjust sacrifice thereof." This quoted part of the complaint does not state any traversable facts, but only an inference or prediction as to what will be the consequences

of the threatened levy. If such statements will make a case for an injunction, it can be made in every case.

The order appealed from is affirmed.