LAIRD, NORTON COMPANY v. COUNTY OF PINE and Another.

June 2, 1898.

Nos. 11,035—(67).

| 72 | 409 |
|----|-----|
| 86 | 306 |

**Collection of Personal Tax—Injunction.**

A suit in equity will not lie to restrain the collection of a personal tax on the sole ground that it is illegal.

**Same — Allegations of Complaint — Irreparable Injury — Adequate Remedy at Law.**

*Held*, also, that the complaint did not contain sufficient allegations of traversable facts to show that an irreparable injury would result to the plaintiff to entitle it to go into a court of equity for the enforcement of the relief prayed for, nor that it did not have an adequate remedy by proceedings at law.

Appeal by defendants from an order of the district court for Pine county, Williston, J., overruling defendants' demurrer to the complaint. Reversed.

The fourth paragraph of the complaint, referred to in the opinion, was as follows:

"Fourth: This plaintiff further alleges that on the first day of April, 1896, a warrant for the collection of said tax was placed in the hands of the sheriff of said Pine county, the above-named defendant James McLaughlin. That this plaintiff now has a large quantity of logs in said Kettle river and Sand and Bear creeks within the limits of Pine county aforesaid, and that said defendant James McLaughlin threatens to levy upon said logs to collect said pretended tax; that said logs are situate in and along said Kettle river and said creeks, and are so intermixed and intermingled that in order to enable the defendant McLaughlin to levy upon a sufficient number to realize the amount of said warrant, it would be necessary to levy upon a quantity of logs in value several times in excess of said sum. That this plaintiff now has logs in and along said Kettle river and Sand and Bear creeks within the county of Pine of the value of not less than $50,000; and that said logs are so intermixed and intermingled that said sheriff, if he makes said levy in good faith, would be obliged to levy upon logs in the aggregate of the value of not less than $50,000; that said levy would detain said logs and prevent this plaintiff from driving the same down said Kettle river and said creeks. That said Kettle river and said creeks are navigable for logs only at high water, and that the logs

of this plaintiff can only be driven down said Kettle river and said creeks by taking advantage of the high water in said river in the spring time, and that to levy upon said logs would not only be to detain a quantity sufficient to satisfy said warrant, but a quantity vastly in excess thereof, and that this plaintiff would not only be unable to take advantage of the high water and drive said logs to the Mississippi river at this season, but that said logs having been partially damaged by fire, the same will greatly deteriorate in value, unless speedily manufactured into lumber; and the levy and detention of said logs would be to render the same almost worthless, and would be a great and irreparable injury to this plaintiff, for which this plaintiff has no adequate remedy by proceedings at law."

*L. H: McKusick* and *Robt. C. Saunders,* for appellant.

Counsel cited Clarke v. Ganz, 21 Minn. 387; Bradish v. Lucken, 38 Minn. 186; Clarke v. County of Stearns, 47 Minn. 552.

*Clapp & Macartney,* for respondent.

The tax is void, and the town of Hinckley had no jurisdiction whatever to assess the same. G. S. 1894, § 1516; State v. Clarke, 64 Minn. 556; Clarke v. Board of Co. Commrs., 66 Minn. 304; Minneapolis & N. E. Co. v. Board of Co. Commrs., 60 Minn. 522. The complaint alleges traversable facts sufficient to show irreparable injury, and to entitle plaintiff to an injunction. Gould, Waters, § 500; Troe v. Larson, 84 Iowa, 649; Musch v. Burkhart, 83 Iowa, 301; Wilson v. Mineral Point, 39 Wis. 164; Jones v. Brandon, 60 Miss. 556; Com. v. Pittsburg, etc., R. Co., 24 Pa. St. 159; 1 Pomeroy, Eq. Jur. § 357.

BUCK, J.

Appeal from an order overruling a demurrer to the plaintiff's complaint.

The plaintiff is a corporation engaged in the business of manufacturing and selling lumber at the city of Winona, that being its principal place of business, and where its sawmills, factories, and its offices are located and its entire manufacturing business and selling of such manufactured product are done. In 1894 a great fire in the county of Pine partially destroyed a vast amount of timber therein belonging to plaintiff, of which the logs mentioned in the complaint were part, whereby it became necessary for plain-

tiff to cut and dispose of the same at once; and, to this end, the plaintiff in 1895, while engaged in said business, cut a large quantity of pine logs in said county, with the intention and for the sole purpose of floating them down the tributaries of the Mississippi, and down said river from said county, to the said city of Winona, to be sawed and manufactured into lumber by the plaintiff, said logs so cut amounting to about fifty million feet.

In said year 1895, after said logs were cut, and while in said tributaries of the Mississippi river to be floated to Winona, as aforesaid, the assessor of the town of Hinckley, in said county, threatened to assess and list for taxation as personal property said pine logs then in said streams; and plaintiff, having notice thereof, objected against any such assessment being made, upon the ground that said logs pertained to the business of a manufacturing plant, the business of this plaintiff, and that said business was by it carried on at said city of Winona aforesaid, and that the said logs were not subject to be listed and assessed in the said town of Hinckley, in said county of Pine; whereupon plaintiff was notified that the matter would be referred to the attorney general of the state, and that his decision thereon should be communicated to plaintiff, but no such proceeding was had, and the first intimation that said logs were assessed in said town of Hinckley was a receipt of notice from the county treasurer of Pine county on January 15, 1896, advising plaintiff of said assessment, levy, and return of said tax, and requesting this plaintiff to pay the same, which it did not do.

On April 1, 1896, a warrant for the collection of said tax was placed in the hands of the sheriff of Pine county, the above-named defendant James McLaughlin, and he threatens to levy upon said logs to collect said tax, which logs were at that time in the tributaries of said Mississippi, to be by plaintiff floated down said streams to said city of Winona. The plaintiff prays judgment that the tax be adjudged null and void, and for an injunction restraining the collection of said tax. Two demurrers—one by Pine county, and one by the defendants jointly—were interposed by the defendants, upon two grounds, viz. that there was a defect of parties defendant, and that the complaint does not state facts sufficient to

constitute a cause of action. The trial court overruled the demurrer of the defendants, and they appeal.

The main ground of defendants' attack on the ruling of the trial court is that an equitable action does not lie to enjoin the collection of a personal property tax; that the plaintiff had an adequate remedy at law to resist the assessment and collection of this personal property tax complained of, and having failed to avail itself of said remedy, an injunction does not lie in its favor against the state to restrain the collection of said taxes.

Under G. S. 1894, § 1516, and the decisions of this court, the personal property pertaining to the business of a merchant or a manufacturer shall be listed in the town or district where his business is carried on. State v. Clarke, 64 Minn. 556, 67 N. W. 1144. Where a person has property absolutely exempt from taxation, he has a right to assume that the law will be observed, and he is not required to take notice of its illegal assessment. If in this respect his rights are disregarded, the law is not so oppressive as to deny him a remedy; but, as a general rule, courts guard against a judicial interference with the governmental and executive functions of taxation, and refuse to grant equitable relief by injunction. Perhaps there may be exceptional cases where any other remedy would be imperfect, and an injunction will issue. But this rule is more usually applied to cases of illegal assessments of real estate, where the assessment becomes an apparent lien upon the property, and a cloud upon the title, or where such remedy would avoid a multiplicity of suits. In this case the remedy sought is to set aside an assessment of personal property of a single corporation, and not even the question of a multiplicity of suits is involved.

This proceeding in respect to personal property is one in personam, and not in rem. This court has heretofore held that where the plaintiff has an adequate remedy at law, and no irreparable injury is threatened, the plaintiff cannot require the interposition of the court by injunction to restrain the collection of a personal tax. Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454. And in Clarke v. Ganz, 21 Minn. 387, it was held that an injunction will not lie to restrain the collection of taxes on personal property merely because the tax is illegally levied, but there must be some special circum-

stances bringing the case within some recognized head of equity jurisprudence, such as that the plaintiff will be without an adequate remedy at law, or that such remedy will be practically valueless.

While the plaintiff in its complaint alleges that such levy and sale of the logs would be a great and irreparable injury to the plaintiff, for which it would have no adequate remedy by proceedings at law, this allegation must be deemed a conclusion of law, and not a state of facts warranting the application of the exceptional rule. As was stated in the opinion last cited, "in the complaint traversable facts must be alleged, to show that such will be the result of the taking." It is true that the complaint alleges that the plaintiff resides in the city of Winona, where it is a manufacturing concern, and that the logs were there assessable, and not in the town of Hinckley, and that the assessor of said town had no jurisdiction to make such assessment. But it is fairly inferable from all the allegations in the complaint that these logs were assessed in said town of Hinckley by the assessor of said town, and that the proceedings to enforce the collection of the same, including the issuing of the warrant to the defendant sheriff, were upon their face regular and valid, and the question of the jurisdiction of the assessor to make the assessment is one which depends on facts dehors the assessment proceedings.

Nor are there any facts pleaded which show that the plaintiff would suffer irreparable injury. The demand in the warrant is only one for the collection of money as a tax on personal property. Merely because the collection of the tax by sale of the logs would occasion a loss to the plaintiff is not what is known in the law as "irreparable injury." If so, all collections of money demands by judgment and execution might be placed in this category. It is not alleged that either defendant is irresponsible or insolvent, and, if the money is collected and paid over to the county treasurer of Pine county, there need be but little apprehension but that it can be collected back if it should be decided that plaintiff is entitled thereto.

If, upon a final trial, it should be found that the very groundwork for this assessment is wanting,—that the whole proceedings were invalid for want of jurisdiction,—the plaintiff might doubtless

pay the tax money under protest, and at once sue for and recover it. This may seem to be a vain and useless proceeding, but the law is too well settled for us now to hold otherwise than that equity has no jurisdiction to restrain the collection of this personal tax, even conceding it to be illegal. Such is the doctrine laid down in Youngblood v. Sexton, 32 Mich. 406, where the opinion was written by Judge Cooley, and, in support of his opinion, he cites the decisions of the courts of thirteen different states. This is the law also of the United States supreme court. See Dows v. City, 11 Wall. 108; Hannewinkle v. Georgetown, 15 Wall. 547.

The respondent concedes that as a general proposition an injunction will not issue to restrain the collection of a tax, especially upon personal property, but asserts that the allegations in the fourth subdivision of the complaint are sufficient to take the case out of the general rule showing that irreparable injury and damage would result to the plaintiff. The assessment, however, in this case, did not create a lien upon the personal property, or a cloud upon its title, and only involves a personal liability of the party, and it nowhere appears by any alleged traversable facts that an irreparable injury is threatened for which it had no adequate remedy at law. We find no precedent for such an equitable intereference with the collection of personal taxes, and plaintiff fails to present a case warranting the maintenance of this action.

There is no merit in the point raised by appellant that there is a defect of parties defendant. Both defendants are seeking to enforce the collection of this tax by a warrant in the hands of the sheriff, and to be recovered for the benefit of the county of Pine. They are therefore both proper, if not necessary, parties, and the complaint in this respect is therefore not demurrable.

But upon the other point the order must be reversed. So ordered.