## GEORGE FAIRLEY v. CITY OF DULUTH AND OTHERS.[1]

November 25, 1921.

Nos. 22,552, 22,553.

**Injunction — representative action to restrain enforcement of illegal tax.**
    1. Where an ordinance of a city imposes an unauthorized and illegal tax which affects in the same way a large number of its residents, who have a community of interest in the controlling principle of law in-

[1]Reported in 185 N. W. 390.

volved, the decision of which will affect their separate property rights, the means of enforcement of the ordinance being drastic, the legal relief against the tax by an individual being attended with an expense out of proportion to the amount involved and practically not worth pursuing, but in combination with others similarly situated relief in equity being complete. a representative action may be maintained by one or more aggrieved persons in behalf of themselves and others similarly situated and appropriate relief be given by injunction.

### Relief not refused because part of tax held legal.

2. The rule is that a party cannot have a tax enjoined as illegal, without the payment of the portion confessedly valid.    In this case the plaintiff's claim, made in good faith and on plausible and reasonable grounds, was that the whole tax was illegal. Relief as to the illegal tax will not be refused because the plaintiff did not pay before suit the tax found to be legal.

### Wheelage tax — statute construed.

3. Laws 1921, c. 454, § 1, subd. 1, provides that no wheelage tax on motor vehicles imposed by a municipality "shall exceed a sum equal to twenty per cent tax imposed by the state in lieu of all other taxes." This provision means that the wheelage tax shall not exceed 20 per cent of the state tax, which on the same date was fixed on a basis of 2 per cent of value, and the statute is not void for indefiniteness or uncertainty.

### Exemptions unconstitutional — balance of act valid.

4. Conceding that subdivision 3 of section 1 of chapter 454 exempting from the wheelage tax vehicles used for the purpose of selling or peddling the products of farm or garden, is unconstitutional, it is not so connected with the rest of the act as to render the whole unconstitutional, and there is left a workable and constitutional statute.

Action in the district court for St. Louis county to restrain defendants from enforcing certain ordinances of defendant city. From an order, Cant, J., overruling their demurrer to the complaint and granting a temporary injunction, defendants appealed. Affirmed.

· *John B. Richards,* City Attorney, for appellants.

*John Jenswold* and *John D. Jenswold,* for respondent.

DIBELL, J.

The defendants appeal from an order overruling their demurrer to the complaint and from an order granting a temporary injunction.

The complaint asked an injunction against the enforcement of an ordinance of Duluth imposing a wheelage tax on motor vehicles. The trial court held that the wheelage tax was valid to an amount not exceeding 20 per cent of the 2 per cent value tax imposed by the state on motor vehicles by the statute of 1921. An order was entered forbidding the enforcement of the wheelage tax in excess of the amount stated and overruling the demurrer.

Section 3 of article 16 of the Constitution, adopted at the November, 1920, election, is as follows:

"The legislature is hereby authorized to provide, by law, for the taxation of motor vehicles, using the public streets and highways of this state, on a more onerous basis than other personal property, provided, however, that any such tax on motor vehicles shall be in lieu of all other taxes thereon, except wheelage taxes, so-called, which may be imposed by any borough, city or village. Any such law may, in the discretion of the legislature, provide for the exemption from taxation of any motor vehicle owned by a nonresident of the state, and transiently or temporarily using the streets and highways of the state. The proceeds of such tax shall be paid into said trunk highway sinking fund." See Laws 1919, 737, 751.

Chapter 461, p. 708, Laws 1921, approved April 23, 1921, provides a lieu tax on motor vehicles of 2 per cent of the manufacturers' retail list price at the factory when new, with certain deductions as they become older, and with certain maximums and minimums. It is a value tax except that motor cycles bear a fixed tax.

Chapter 454, p. 697, Laws 1921, approved April 23, 1921, is as follows:

"Section 1. Any borough, city or village may impose a wheelage tax upon motor vehicles using the public street or highways, provided that:

"Subd. 1. No wheelage tax imposed by any borough, city or village shall exceed a sum equal to twenty per cent tax imposed by the state in

lieu of all other taxes, except such wheelage tax, upon motor vehicles using the public streets or highways.

"Subd. 2. No borough, city or village shall impose a wheelage tax upon the vehicle of any person not a resident of such borough, city or village, unless such vehicle shall be used principally·upon the streets or highways of such borough, city or village.

"Subd. 3. No such wheelage tax shall be imposed upon any vehicle used upon the public streets or highways solely for the purpose of selling or peddling the products of the farm or garden, occupied and cultivated by the owners of such vehicles.

"Sec. 2. This act shall take effect and be in force from and after its passage."

The Duluth wheelage tax is imposed by ordinance under authority of the home rule charter. It was sustained in Park v. City of Duluth, 134 Minn. 296, 159 N. W. 627. It provides for a specific tax on motor cycles, a tax based on horse power on ordinary autos, and a tonnage tax on auto trucks. Unlike the state tax it is not an ad valorem tax. It is a privilege tax based on the character of the vehicle. It is not a police measure.

By Laws 1921, p. 762, c. 465, approved April 23, 1921, provision is made for a refundment by the municipality "in all cases where persons have paid a wheelage tax * * * in excess of the amount which a municipality may at the time of the passage of this act lawfully impose and collect."

By G. S. 1913, § 7674, it is provided that "when the question is one of common or general interest to many persons, or when those who might be made parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

These are all the statutory provisions which we find it necessary to note.

The plaintiff is a resident taxpayer of Duluth and the owner of an automobile. The Duluth wheelage tax imposed upon his auto exceeds 20 per cent of the state lieu tax. There are in Duluth 4,200 residents

owning and using upon the streets 5,500 motor vehicles. More than 90 per cent of these owners are subject to a wheelage tax in excess of 20 per cent of the state tax.

The complaint alleges in substance that the auto owners have a common interest in the principle involved in the litigation, that it is impossible to bring all before the court, and that the action is brought in behalf of the plaintiff and all others alike interested.

The defendants make four contentions in support of their appeal:

(1) That the plaintiff has a remedy at law, and so injunction will not lie.

(2) That the plaintiff cannot have an injunction since he did not pay before suit the portion of the tax found to be legal.

(3) That chapter 454, p. 697, Laws 1921, authorizing the imposition of a wheelage tax, is so indefinite and uncertain that it cannot be enforced.

(4) That chapter 454 is unconstitutional because of the exemption from the wheelage tax of vehicles used solely for the purpose of selling or peddling the products of a farm or garden occupied and cultivated by the owner of the vehicle, and that being unconstitutional the Duluth ordinance is unaffected by it and is therefore in force.

1. The defendants urge that the complaint is without equity because the owner has adequate remedies at law. He may submit to an arrest and a criminal prosecution and assert the invalidity of the tax, or after arrest may test the ordinance on habeas corpus. Every day's use of his auto, during the pendency of the proceeding, is a separate offense. This is an unsatisfactory remedy. The defendants do not urge it much, but mostly insist that the owner may pay under protest and maintain an action to recover, and that this affords an adequate remedy. This is their real contention. It was the point of greatest difficulty to the trial court. We have found it so. The question is not of much practical importance to the parties, but its determination makes a precedent.

The authorities substantially agree that an injunction will not issue to restrain a tax for mere irregularities or informalities in its imposition. Courts hesitate to interfere with taxing officers in the collection of public revenue. The cases are at hopeless variance and much con-

fused on the question whether an injunction will issue at the suit of an individual taxpayer to restrain a tax which is illegal or without authority of law, solely on that ground, and without other basis for the interposition of equity. Some hold that it will. Security Sav. Bank v. Carroll, 131 Iowa, 605, 109 N. W. 212; Overall v. Ruenzi, 67 Mo. 203; St. Louis R. Co. v. Apperson, 97 Mo. 300, 10 S. W. 478; Appeal of Conners, 103 Pa. 356; Hoy v. Kuhn, 295 Ill. 33, 128 N. E. 829; Turkey Knob Coal Co. v. Hallanan, 84 W. Va. 402, 99 S. E. 849.

Our court, following the apparent weight of authority, is opposed to such holding. An early case is Clarke v. Ganz, 21 Minn. 387, involving a personal property tax. It was followed in Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454, and Laird, Norton Co. v. County of Pine, 72 Minn. 409, 75 N. W. 723. In none of these was there present a recognized ground for equitable interference, unless the illegality of the tax is such. An injunction was denied in Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608, and Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934. These cases involved assessments for local improvements. The lotowner was afforded a convenient opportunity for defense in the proceeding and this was sufficient.

Some courts, in determining whether there is jurisdiction in equity, refer to the avoidance of a multiplicity of suits and the cluttering of the courts with numerous pieces of litigation, involving a single principle, which might be settled in one suit, the principle involved being one in which all similarly situated have a community of interest, though their property interests are distinct and separate.

The general rule is that the plaintiff who will not be subjected to numerous suits cannot state a cause of action in equity based upon the ground that the defendant will be saved a multiplicity of suits. Equitable Life Assur. Soc. v. Brown, 213 U. S. 25, 29 Sup. Ct. 404, 53 L. ed. 682. But, in determining the propriety of proceeding by injunction, courts have referred to the multiplication of litigation as proper for consideration. Thus, in Drainage Commissioners v. Kinney, 233 Ill. 67, 84 S. E. 34, while recognizing that there was a legal remedy by an action to recover, the court said (p. 72):

"But where the tax is unauthorized by law we have held that it was the duty of a court of equity to interfere, especially when the recovery of the tax would necessitate a multiplicity of suits."

In Clee v. Sanders, 74 Mich. 692, 42 N. W. 154, an action to restrain the enforcement of a tax, the court said that "the various parties aggrieved are allowed to sue together, although not jointly interested, for the express purpose of avoiding multiplied suits, and having the controversy settled as far as may be in one hearing."

In Carlton v. Newman, 77 Me. 408, 1 Atl. 194, where the validity of an entire school district tax was involved, the court, while holding to the general rule as to the adequacy of a legal remedy, said (p. 411):

"But we are of opinion that when it appears that an entire school district tax is illegal because assessed without authority of law, a bill to enjoin its collection brought by all of the tax payers of the district jointly on whose polls and estates the tax has been assessed, or by any number thereof on behalf of themselves and all the others similarly situated, may be sustained upon the ground of the inherent jurisdiction of equity to interpose for the purpose of preventing a multiplicity of suits; that although each tax payer has some legal remedy, it is grossly inadequate when compared with the comprehensive and complete relief afforded by a single decree."

In Ranney v. Bader, 67 Mo. 476, the court said that "equity will maintain jurisdiction to prevent multiplicity of suits, and no stronger case could be put for entertaining jurisdiction under this rule, than is presented, when one tax payer for himself and all other tax payers of a township or county, similarly interested, brings his bill, asking the chancellor to put forth restraining process to prevent the imposition and collection of an unauthorized tax, and thus settle in one suit, what it would take hundreds and, perhaps, thousands to do, if such relief were denied, and the parties subjected to the payment of such tax were driven, each one, to his action at law for redress." So, in City of Chicago v. Collins, 175 Ill. 445, 51 N. E. 907, 49 L.R.A. 408, 67 Am. St. 224, the court, in enjoining the enforcement of a "wheel tax" ordinance at the suit of a number of interested parties, and for the benefit of

those similarly situated, where the city claimed that the complainants should pay the tax and resort to legal actions to recover, said (pp. 452, 453):

"Many cases undoubtedly exist where equity will interfere to protect an invasion of property rights where the remedy at law is not entirely adequate, and where peculiar difficulties intervene the jurisdiction will be upheld. In the present case three hundred seventy-three complainants have filed their bill for relief. Their grievance is precisely the same and arises from the same cause. The various parties * * * sue together for the express purpose of avoiding a multiplicity of suits and to have the controversy settled in one hearing." * * *

"No inflexible rule can be laid down for the determination of the question as to whether jurisdiction exists in a court of equity. In general, an adequate legal remedy will suffice to make such courts hesitate in acting. But inadequacy in granting relief for the determination of a right may arise from causes other than mere forms of remedy, and it will not do to sacrifice justice on the mere ground of the form of the remedy, where convincing facts show that adequate relief can best be had in the forum of a court of equity. In this case" three hundred and seventy three "complainants present facts showing that between 200,-000 and 300,000 citizens and taxpayers are affected by the provisions of the ordinance, and if compelled to pay the illegal tax, hardship and injustice will result to an enormous number of persons. If they pay the tax and are compelled to resort to a court of law to recover back the amount so paid, the business of the courts will be obstructed by a number of actions of the same character. Long delay will ensue, and the costs to the persons so paying such illegal tax or license fee will be greater than the amount to be recovered. Under any circumstances, if the license exacted is illegal it would amount to oppression and injustice to a large part of the population of the city of Chicago, and this bill presents a case for the jurisdiction of a court of equity."

And in Greedup v. Franklin County, 30 Ark. 101, in referring to a remedy at law by actions to recover back the court said (p. 110):

"What a multiplicity of suits at law must be brought, in order to get

redress for an injury which it is proposed to stop in a single suit in equity; we have no means of ascertaining the number of tax payers in Franklin county, but may suppose they exceed two thousand. Of these perhaps five hundred may be able to assert their rights at law, whilst fifteen hundred, who pay less tax, are in moderate circumstances or too poor to employ counsel to stop the payment of an erroneous tax ten times less than it would cost to employ counsel to prosecute their suit. The mere suggestion of the situation, if left to redress at law, shows that it in effect would amount to a denial of redress to offer it to them. In such cases chancery will interfere to prevent multiplicity of suits."

In Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454, cited supra, the court said (p. 191) that "an injunction will not issue to restrain the collection of a personal tax where there is a complete remedy at law, solely because there are numerous taxpayers similarly situated, particularly in the absence of any claim that the suit was brought in pursuance of a common understanding, and by the authority of such taxpayers." This case, though the fact may be unimportant, was decided before the statute of 1899, and now embodied in G. S. 1913, § 7674, authorizing one to sue for the benefit of all where the question involved is one of "common or general interest to many persons, or when those who might be made parties are numerous and it is impracticable to bring them all before the court."

Other cases recognize the right of one in a proper case to sue in his own behalf and in behalf of others similarly situated in tax and other controversies. Scribner v. Allen, 12 Minn. 85 (148); Waseca County Bank v. McKenna, 32 Minn. 468, 21 N. W. 556; Laird, Norton Co. v. County of Pine, 72 Minn. 409, 75 N. W. 723; Pencille v. State F. M. H. Ins. Co. 74 Minn. 67, 76 N. W. 1026, 73 Am. St. 326; Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364.

A single individual has a legal remedy by taking out a license and suing to recover the money paid for it. Practically it is worthless. He can more cheaply and with less annoyance pay and submit to the exaction than protest and recover. If there were but a few individuals involved, equity would leave them to their imperfect legal remedies and

let them go largely unredressed. It is only in combination that they can have effective relief. A representative suit, staying prosecutions until the city's right is determined, does the work. Whether relief should be given in equity, is not a question of power or of substantive law, but of right procedure. A court of equity can assume jurisdiction without usurpation. It does the city no wrong. No right to jury trial is involved. Whether the issue is tried at law or in equity, the questions are wholly of law. Indeed, the city might well enough welcome a settlement in one speedy suit. Under our present practice the hearing on appeal from an injunctional order can be had without delay and a speedy result reached. If the suggestion is made that such has not been the result in this case, the answer is that the delay has been because of the controversy over procedure, now settled, never of considerable moment to either party, but important enough as establishing a precedent to demand deliberation.

Limiting what we say to the concrete case before us, we hold that where as here an ordinance of a city imposes an unauthorized and illegal tax, which affects in the same way a large number of its residents, who have a community of interest in the controlling principle involved, the decision of which will determine their separate property rights, the method of enforcement of the ordinance being drastic, the legal relief afforded to an individual being attended with expense out of proportion to the amount involved and practically not worth pursuing, but in combination relief in equity being complete, a representative action may be maintained by one or more aggrieved persons in behalf of themselves and others similarly situated and appropriate relief by injunction may be given.

In reaching this conclusion we have not failed to note a line of cases, of which Tribette v. Illinois Cent. R. Co. 70 Miss. 182, 12 South. 32, 19 L.R.A. 660, 35 Am. St. 642; Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 South. 198, 35 L.R.A.(N.S.) 491, and Vandalia Coal Co. v. Lawson, 43 Ind. App. 226, 87 N. E. 47, may be taken as typical. Such cases involve a situation where a number of actions are brought against one party, who seeks relief in equity from numerous suits, and

hold that equity will not interfere because of a community of interest in the principle of law involved, unless there is in addition a community of interest in the subject matter of the litigation, and they criticize certain textbook statements, seeming not to make essential a community of interest in the subject matter, as erroneous. With the application of the rule and the result reached in those cases, there is no quarrel.

2. The defendants' contend that the plaintiffs can have no relief until they pay the valid portion of the tax. When a taxpayer, unlawfully assessed, asks equity as to a tax alleged to be illegal, he must do equity by paying such portion of the tax as is legal. The principle is unquestioned. Here the plaintiff contended that the tax was wholly unauthorized upon the ground that, after the passage of chapter 454, p. 697, Laws 1921, pursuant to the constitutional amendment of 1920, the Duluth ordinance was without validity. His contention was that all wheelage tax legislation must look to the 1921 act for its authority. The claim was in good faith. Forceful arguments can be made in support of it. This is not a case where a portion of the tax is confessedly legal. The defendants should not be permitted to prevail as to the tax upon which they wrongfully insist because the plaintiff, though acting in good faith and on reasonable and plausible grounds, has failed to get all the relief he asked. Perhaps the trial court, if requested, would have made the granting of the injunction conditional upon the payment of the tax found legally due. The state value tax and the Duluth horse power and tonnage tax do not work well together, and municipal legislation seems desirable, though the present ordinance be held effective— a matter not necessary for decision now.

3. The defendants contend that the first subdivision of section 1 of chapter 454, hereinbefore quoted, is so indefinite and uncertain that nothing can be made of it. The part of it to which objection is made provides that no wheelage tax "shall exceed a sum equal to twenty per cent tax imposed by the state in lieu of all other taxes," etc. The specific claim is that the words "twenty per cent tax" can be given no meaning. If the words were "twenty per cent of the tax" or "twenty

per cent of tax" the claim would not be made. The state tax is a 2 per cent tax. Laws 1921, p. 710, c. 461, § 3. The act fixing it was passed on the same day as chapter 454. There is no 20 per cent tax imposed by the state.

The claim is without merit. There is a grammatical error. Everyone who notes the error sees the meaning. Many see the meaning without noting the error. The legislature intended that the wheelage tax should not exceed 20 per cent of the state lieu tax.

4. It is claimed by the defendants that subdivision 3 of section 1, c. 454, renders the act unconstitutional, and so the Duluth ordinance remains effective and unlimited by the statute. Subdivision 3 exempts vehicles used for the purpose of selling or peddling the products of farm or garden, occupied and cultivated by the owner of the vehicle. The claim is that this is unconstitutional class legislation and in effect an attempt by the legislature to accomplish something similar to what the people accomplished when they adopted article 1, § 18, of the Constitution relative to peddling the products of farm or garden without a license. A good argument can be made in support of the claim that subdivision 3 is unconstitutional. State v. Wagener, 69 Minn. 206, 72 N. W. 67, 38 L.R.A. 677, 65 Am. St. 565; State v. Parr, 109 Minn. 147, 123 N. W. 408, 134 Am. St. 759. But suppose it is unconstitutional. It is an unimportant part of the statute. Compared with the total autos in use those excepted are negligible in number. The exemption is not so important nor is it so connected in subject or purpose with the other portions of the statute that the legislature would not have passed the statute if subdivision 3 must be omitted. If subdivision 3 falls, and we are not concerned with its future now, chapter 454 is still a working and constitutional law. 3 Dunnell, Minn. Dig. § 8936.

Some objection is made to subdivision 2, but it is not of such importance as to call for consideration now.

Orders affirmed.