WHITNEY WALL FOR HIMSELF AND ALL OTHER TAXPAYERS OF ST. LOUIS COUNTY SIMILARLY SITUATED v. W. H. BORGEN, COUNTY AUDITOR OF ST. LOUIS COUNTY.[1]

May 5, 1922.

No. 22,739.

**When injunction will not lie to restrain enforcement of illegal tax.**
Where a tax can be enforced only in the manner and by the procedure provided by the general tax laws, such laws afford an adequate remedy if the tax be illegal, and a suit in equity to enjoin the taxing officers from levying it cannot be maintained.

Action in the district court for St. Louis county by Whitney Wall and all other taxpayers of the county similarly situated for an order

[1]Reported in 188 N. W. 159.

restraining defendant county auditor from levying or collecting the tax directed by Laws 1921. c. 357. From an order Dancer, J., denying an injunction and dissolving the restraining order, plaintiff appealed. Affirmed.

*Hugh J. McClearn*, for appellant.

*Charles E. Adams*, Special Attorney and *Victor L. Power*, for respondent.

*Alfred L. Thwing*, Attorney for School District No. 1, Itasca County, filed a brief.

TAYLOR, C.

On September 30, 1921, plaintiff, a resident and taxpayer of St. Louis county, brought this action in behalf of himself and of all other persons in the county similarly situated to enjoin defendant, the county auditor of the county, from levying or extending the tax directed to be levied by chapter 357, p. 537, of the Laws of 1921, on the ground that this statute is unconstitutional and void.

This statute requires the county auditor in every county having an assessed valuation exceeding $250,000,000 exclusive of moneys and credits, and an area exceeding 5,000 square miles, to levy annually on or before the tenth day of October a specified county school tax on all taxable property in the county. St. Louis county is the only county in the state which exceeds 5,000 square miles in area. Plaintiff made an application for a temporary injunction restraining defendant from levying this tax in the year 1921 which application was heard October 8, and was denied by an order dated October 14, 1921. Plaintiff appealed from this order October 27, 1921. The appeal was submitted to this court April 7, 1922. The questions to which the arguments were directed were whether an action for an injunction would lie, and whether the statute violated the constitutional provisions forbidding the enactment of any local or special law regulating public schools or the raising of money therefor.

Our statutes, which prescribe the procedure for enforcing the collection of taxes on personal property, provide that the county treasurer in April of each year shall make a list of all such taxes re-

maining delinquent and file the same with the clerk of the district court; that any person in the list may file an answer with the clerk setting forth his defense or objections to the tax asserted against him; and that the objections and defenses made by such answers shall be heard and determined by the court summarily and without delay. G. S. 1913, § 2077. The procedure for enforcing the collection of taxes on real estate is quite similar. The statute provides that the county auditor, on or before February 1 in each year, shall file with the clerk of the district court a list of delinquent taxes upon real estate within the county, containing a description of each parcel of land on which taxes are delinquent; that this list shall be published in the newspaper designated therefor by the county board; that any person having an interest in any of the land may file with the clerk an answer setting forth his defense or objection to the tax on any one or more of the parcels in which he has an interest; and that the objections and defenses so interposed shall be heard and determined by the court summarily and without delay. G. S. 1913 §§ 2094, 2098, 2104, 2106.

It has been consistently held that the property owner is given an adequate, speedy, simple and inexpensive remedy against any illegal or wrongful tax in the tax proceeding itself, and that he must seek his remedy in that proceeding and cannot maintain a suit in equity to enjoin the levying or collection of the tax. Clarke v. Ganz, 21 Minn. 387; Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454; Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608; Kelly v. Minneapolis City, 57 Minn. 294, 59 N. W. 304, 26 L. R. A. 92, 47 Am. St. 605; Laird Norton Co. v. County of Pine, 72 Minn. 409, 75 N. W. 723; Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934; Kerr v. City of Waseca, 88 Minn. 191, 92 N. W. 932; Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911, 61 L. R. A. 448; Schumacher v. Board of Commrs. of Wright County, 97 Minn. 74, 105 N. W. 125; State v. Board of P. W. of City of Red Wing, 134 Minn. 204, 158 N. W. 977; Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390. An injunction will lie where the property owner has no other adequate remedy. Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468); Sewall v. City of St. Paul, 20 Minn. 459

(511); Mayall v. City of St. Paul, 30 Minn. 294, 15 N. W. 170; Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390. But we know of no case in which an injunction has been sustained where the tax could be enforced only in court and in the manner provided by our present general laws.

Plaintiff relies largely on the case of Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, as supporting his contention that an injunction will lie. In that case the suit was brought on behalf of the plaintiff therein and of all others similarly situated to enjoin the city of Duluth from collecting an illegal wheelage tax on automobiles. The ordinance imposing the tax provided for drastic measures for enforcing it. It provided that an automobile owner who operated his machine without having paid the tax should be arrested and fined, and made each day that he so operated the machine a separate offense.

Of course he could test the validity of the ordinance by violating it and defending, or resorting to a writ of habeas corpus, when arrested, but he would be subject to repeated arrests pending the final termination of such proceedings, and submitting to an arrest is not an agreeable method of securing relief against an illegal exaction. He could pay the tax under protest and sue to recover it back, but by taking this course he would incur an expense greater than the amount involved, and furthermore this remedy is usually considered as inadequate. It appeared that more than 4,000 persons were affected in the same manner by the same illegal ordinance. For the reason that the method of enforcing collection of the tax was drastic; that no adequate or satisfactory legal remedy was available; and that an equitable action would avoid loading the courts with a multiplicity of suits, it was held that one or more of the persons aggrieved could maintain a representative action in behalf of all and that appropriate relief would be given by injunction, but the court was careful to limit the decision to the facts of that particular case. It is pointed out in the opinion that ordinarily one who will not be subjected to a multiplicity of actions is not entitled to bring a representative suit in equity to save another from a multiplicity of actions, but that such a suit may be sustained where it

will avoid cumbering the courts with a multitude of actions involving the same question or questions, and will give appropriate and adequate relief to all whose rights or liabilities depend upon the determination of such question or questions, and especially where the legal remedies open to each individual are practically worthless because the expense of enforcing them would exceed the amount in controversy.

The present case does not fall within the principle applied in that case. Payment of the tax in controversy can be enforced only by proceedings under the general statutes. A single proceeding is brought to enforce payment of all real estate taxes in the county not voluntarily paid, another single proceeding is brought to enforce payment of all personal property taxes in the county not voluntarily paid. These proceedings will be brought whether the present action is or is not maintained. In these proceedings the validity of the tax can be determined and all those who see fit to file an answer can be given appropriate relief at the same time and as a result of one trial, and, so far as real estate is concerned, in a single judgment. We feel constrained to hold that the fact that a large number of persons are affected by this tax will not warrant a departure from the rule uniformly followed heretofore that the court will not interfere by injunction where the remedies against an illegal tax provided by the general laws are available.

It may be proper to note that the present appeal is from an order refusing to issue a temporary injunction restraining the county auditor from levying and extending the tax in controversy for the year 1921, and that the acts sought to be prevented had been performed and the tax lists had passed beyond the control of the auditor long before the appeal was submitted to this court, but as this point has not been raised or argued by the parties we are unwilling to say that the appeal presents only a moot case.

Having reached the conclusion that this suit cannot be maintained, we are necessarily precluded from determining in this proceeding whether the tax in controversy is valid or invalid. The order of the trial court is affirmed.