STATE EX REL. MINNEAPOLIS FIRE DEPARTMENT
RELIEF ASSOCIATION v. CITY COUNCIL OF
MINNEAPOLIS AND OTHERS.[1]

November 29, 1924.

No. 24,575.

**Taxation—meaning of "levy".**

1. The term levy, as applied to the amount to be raised by taxation, means the formal and official action of the legislative body having the power, whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed on property subject thereto.

**Levy by the legislature.**

2. Where the legislature determines to raise the sum which a specific rate of taxation may produce, and delegates to administrative officers the duty of extending the same upon the tax books, it levies the same in a constitutional sense.

**Levy for fireman's relief association pension fund.**

3. The provisions of section 3357, G. S. 1913, considered and *held* to constitute a levy of one-tenth of a mill on the assessable value of all property subject thereto for the purpose stated in the act.

**Not affected by act of 1919.**

4. The provisions of chapter 252 of the Laws 1919 are not inconsistent with the provisions of section 3357, G. S. 1913, and in no way repeal or modify the same.

[1]Reported in 200 N. W. 932.

Upon the relation of Minneapolis Fire Department Relief Association, the city council of Minneapolis, the board of estimates and taxation, the county auditor and the mayor of that city, the district court for Hennepin county granted its alternative writ of mandamus, commanding them to include in the tax levy of 1924 the maximum rate allowable for tax purposes, one-tenth of a mill, upon all taxable property in the city to provide a fund for relator. The matter was heard by Kolliner, J., who found that relator was entitled to a peremptory writ. From the judgment entered, the board of estimates and taxation and the city council appealed. Affirmed.

*Neil M. Cronin* and *R. S. Wiggin*, for appellants.

*C. J. Rockwood*, amicus curiae, filed a brief for appellants.

*G. A. Will*, for relator.

QUINN, J.

This action was instituted by the Minneapolis Fire Department Relief Association, as relator, against the various named respondents, to compel the city council and the board of estimates and taxation to certify to the county auditor and to require him to enter upon the tax books for 1924 a tax of one-tenth of a mill on all of the taxable property of the city of Minneapolis for the benefit of a pension fund of the relator, as provided for by chapter 24, p. 30, L. 1907; section 3357, G. S. 1913.

Section 3357 provides that the city council, or other governing body, of every city in which a fireman's relief association exits, *shall* each year, at the time the tax levies for the support of the city are made, and in addition thereto, levy a tax of one-tenth of a mill on all the taxable property of the city, etc., for the benefit of the fireman's relief association. This statute applies to the city of Minneapolis and controls the question involved in this proceeding. Heretofore the city council has recognized the provisions of this statute and included in the tax levies for municipal purposes a tax of one-tenth of a mill for such relief fund.

The board of estimates and taxation fixed a maxium rate of taxation for all purposes of the city for the year 1924, but failed and refused to include therein one-tenth of a mill for the purpose of

relator's relief fund in accordance with section 3357, and therefore the city council failed to certify the same, and the auditor was unable to place the same upon the tax book. The payer in the petition asks for a peremptory writ of mandamus against all of the respondents to include, in the levy for 1924, a tax of one-tenth of a mill for such purpose.

The provision, contained in section 3357, providing for an annual levy of one-tenth of a mill, has existed and been carried into effect since 1907. In 1920 it was adopted by the people of Minneapolis and incorporated in their home rule charter. The term "levy" has a variety of meanings. As applied to the amount to be raised by taxation, it means the formal and official action of a legislative body, invested with the power of taxation—whether national, state or local—whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed on property subject thereto. So, where the legislature determines to raise the sum which a specific rate of taxation may produce, and delegates to administrative officers the duty of extending the same upon the tax books against the property to be assessed, it levies the same in a legal sense. C. & N. W. Ry. Co. v. State, 128 Wis. 553, 108 N. W. 557.

We think the provision of section 3357 of the statute under consideration was intended by the legislature as a continuing levy of one-tenth of a mill on the assessed value of all property subject thereto, for the purposes stated in the act. We know of no authority, vested in any municipal body, which may modify or set aside such a levy, so made by the legislature. True, chapter 252, p. 250, L. 1919, created the board of estimates and taxation of the city of Minneapolis, and clothed it with authority to determine the maximum amount of money and the maximum rate which may be raised in the aggregate by general taxation, and provides that no general taxes shall be levied in excess of the amount so fixed, but we find nothing in that act inconsistent with the provisions of section 3357, or that in any way repeals or modifies any of its provisions. The trial court was right in directing that a peremptory writ issue as prayed for in the petition.

Affirmed.