LAURA A. DAY v. INLAND STEEL COMPANY.[1]

December 18, 1931.

No. 28,736.

[1]Reported in 239 N. W. 776.

*Shaw, Safford, Putnam & Shaw,* for appellant.
*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

WILSON, C. J.

Plaintiff appealed from an adverse judgment.

On December 2, 1901, plaintiff made a mining lease on 40 acres of land for 30 years. By mesne conveyances defendant acquired the lease in 1917 and operated thereunder until it canceled the lease pursuant to a provision therein terminating the lease on November 24, 1929.

The lease contained a covenant made by the lessee as follows:

"The party of the second part shall, in due and timely season, pay all taxes and assessments, ordinary and extraordinary, general or specific, which may be assessed or levied on said lands, ores or improvements on said land during the term of this lease."

L. 1923, p. 258, c. 226, provides that "there shall be levied and collected upon all royalty" received during the year ending December 31, 1923, and upon all royalty received during each calendar year thereafter, for permission to mine and remove ore, a tax of six per cent. This law requires reports to be filed with the Minnesota tax commission on or before February 1 of each year, and from these reports the commission shall determine the amount of tax, which it certifies to the state auditor on or before May 1 in each year, and the tax becomes payable on the first day of June following. The tax becomes a specific lien from the time the same is due and payable upon the right, title, and interest of the person to whom such royalty is payable, in and to the land involved.

During the year 1929 and prior to said termination of the lease, defendant paid to plaintiff $23,946.16 for iron ore taken out and removed. Pursuant to said statute the tax commission determined that a royalty tax in the sum of $1,436.77 was due and payable on June 1, 1930. Upon defendant's refusal to pay the tax it was paid

by plaintiff, and she now seeks to recover from the defendant. The trial court found for defendant.

The sole question presented by this appeal is, when was this royalty tax levied. If "during the term of this lease,' defendant must pay, otherwise not.

Plaintiff contends that the tax was levied by said statute, which is "an act providing for the levy and collection of" such tax. We have construed the lease as imposing upon defendant the burden of the "royalty tax" accruing during the term of the lease. Day v. Inland Steel Co. 175 Minn. 305, 221 N. W. 13.

The term "levy" is used in different senses in the law of taxation. State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970. In a constitutional sense the legislature in 1923 did levy this royalty tax, the same perhaps as it did the real property tax of 1930 and 1931, as indicated in L. 1929, p. 589, c. 411. Each of these statutes provides that "there shall be levied." Plaintiff urges that the act of 1923 effectually made this levy, and the case of State ex rel. Minneapolis F. D. Relief Assn. v. City Council, 161 Minn. 103, 200 N. W. 932, is cited.

Defendant, contending that while the levy was made by law in a constitutional sense, a constitutional foundation for such taxation, suggests that the statute was not intended to be the real levy so as to dispense with necessary subsequent administrative acts which consist of determining the amount of such tax and extending such amount upon the official books, which it says constitutes the real levy as this word is used in the tax laws of the state.

We are of the opinion that the word "levy" as so used is ordinarily understood in the sense last mentioned and as is urged by the defendant. We believe the levy is not made until the tax commission determines the amount thereof and causes the amount to be extended upon the records in the state auditor's office, all as required by the statute. We believe that the legislature never intended either by the act of 1923 or the act of 1929, wherein it used the words "there shall be levied," that this language was in fact the levy of the tax. We think these statutes were authority for the

doing of the subsequent required administrative acts, which, as we construe the statute, constituted the levy within the meaning of that word as used in these laws. We conclude that the tax in question was not levied during the term of the lease.

Affirmed.