## ARTHUR FICHTNER AND OTHERS v. FRED W. SCHILLER AND OTHERS.

135 N. W. (2d) 877.

May 28, 1965—No. 39,454.

*Martini, Harper & Gustafson* and *James Harper,* for appellants. *John C. Arko,* County Attorney, and *Robert V. Campbell,* Assistant County Attorney, for respondents.

MURPHY, JUSTICE.

This is an appeal from a judgment for defendants, county officials and county board of St. Louis County, in a representative suit brought under Minn. St. 275.26 and c. 555 to test the validity of an increase in valuation of real estate for tax assessment purposes. The trial court held that the action did not lie under those statutes and the exclusive remedy, if any, is provided by c. 278, which provides relief for one

who claims that his property has been partially, unfairly, or unequally assessed at a greater valuation than its actual value.

The action was started by complaint in which it was alleged that plaintiffs are taxpayers of the township of Herman in St. Louis County and that the valuations of their property "have been arbitrarily and capriciously increased 20 per cent and the equivalent of a 25 per cent increase in valuation for tax purposes has been unlawfully accomplished by the improper reclassification of three-fourths of the town from 'rural' to 'all other,' " and that "such raise in valuation has increased the tax burden on the plaintiffs unlawfully." In the alternative, they allege that they "desire that this matter be continued under Chapter 555 of the statutes of the State of Minnesota." By way of relief they ask that collection of taxes by the county treasurer be enjoined until a correction has been made and "[f]or other and further relief as to the Court shall seem just and equitable * * *."

We gather from the briefs and argument that the assessments resulted from a direction of the commissioner of taxation to the effect that valuations of real estate in Minnesota be equalized at 33⅓ percent of the market value and that certain property be reclassified. This adjustment was to be made in two stages, an increase to 25 percent was to be accomplished in the first year, and the remainder of the 33⅓ percent the second year. It is plaintiffs' contention "that the reclassification and increase was arbitrary and capricious and that said reclassification and appraisal should have been done on a parcel by parcel basis."

We do not reach the merits of the controversy. The case turns on whether the trial court was correct in determining that the representative suit was not authorized by any provision of c. 275, which relates to the levy and extension of taxes, nor by the provisions of c. 555, the so-called Declaratory Judgments Act.[1] Section 275.26 provides:

---

[1]Minn. St. 555.01 provides: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

"When any county board shall levy taxes for any purpose in excess of the amount allowed by law, any taxpayer thereby affected, for himself and all other interested taxpayers in the county, may bring an action against the treasurer, the auditor, and the board of such county, to enjoin the collection of such taxes, and for an order requiring the defendants, or either of them, to correct the levy, and for such other order as may be proper for the correction and adjustment of such taxes and levy, notwithstanding that such taxpayers have a speedy and adequate remedy in the ordinary course of law. When so corrected and adjusted, the taxes may be collected as other taxes."

Plaintiffs argue that unless they are permitted to have the benefit of § 275.26 or to have relief under § 555.01, they will be left without a remedy and denied judicial review since the cost of individual actions would effectively preclude any relief to which they might be entitled. They cite as controlling Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258, which involved a class action contesting the validity of a wheelage tax imposed by an ordinance of the city of Duluth. This case has been distinguished and is controlling only on its particular facts. The court held there that the circumstances warranted a class action enjoining collection of the tax where it affected 4,000 automobile owners who were subject to fine and arrest as a separate offense each day they operated their automobiles.

In distinguishing the Fairley case we said in Wall v. Borgen, 152 Minn. 106, 109, 188 N. W. 159, 160:

"* * * For the reason that the method of enforcing collection of the tax was drastic; that no adequate or satisfactory legal remedy was available; and that an equitable action would avoid loading the courts with a multiplicity of suits, it was held that one or more of the persons aggrieved could maintain a representative action in behalf of all and that appropriate relief would be given by injunction, but the court was careful to limit the decision to the facts of that particular case."

It is well established in this state that the court will not interfere by injunction where the remedies against an illegal tax provided by the general laws are available. Wall v. Borgen, *supra*; Rosso v. Village of

Brooklyn Center, 214 Minn. 364, 8 N. W. (2d) 219; Land O' Lakes Dairy Co. v. Village of Sebeka, 225 Minn. 540, 31 N. W. (2d) 660, certiorari denied, 334 U. S. 844, 68 S. Ct. 1513, 92 L. ed. 1768; Village of Edina v. Joseph, 264 Minn. 84, 119 N. W. (2d) 809; Larson v. Freeborn County, 267 Minn. 383, 126 N. W. (2d) 771.

It should be noted that under the provisions of § 275.26 the representative action may be brought when the county board "shall levy taxes for any purpose in excess of the amount allowed by law * * *." While the term "levy" may loosely refer to the entire process by which revenue is raised, its meaning in § 275.26 relates to the legislative act of determining the amount necessary to be raised for purposes authorized by law. Section 275.26 must be viewed in its context with other provisions of c. 275 which relate to the general subject of the levy and extension of taxes by the county auditor. The term "levy" has been defined in State ex rel. Minneapolis Fire Dept. Relief Assn. v. City Council, 161 Minn. 103, 105, 200 N. W. 932, 933, as:

"* * * applied to the amount to be raised by taxation, it means the formal and official action of a legislative body, invested with the power of taxation—whether national, state or local—whereby it determines and declares that a tax of a certain amount, or of a certain percentage on value, shall be imposed on property subject thereto."

The term relates to the amount of taxes necessary for the support of various governmental units. After reviewing the levies for such governmental purposes and determining that they are authorized and within legal limitations, the county auditor converts them to mills and apportions them against the assessed valuation, after which, according to the statutory plan, they are turned over to the county treasurer for collection.[2] The "levy" referred to in § 275.26 is a legislative act and is based upon various factors, including assessed valuation and population. When the "levy" by the county board is in excess of the amount allowed by law or for a purpose which the law does not permit, the provisions of § 275.26 may be invoked. The term "levy" should be

---

[2] Wilcox v. County of Olmsted, 258 Minn. 281, 104 N. W. (2d) 297; 18 Dunnell, Dig. (3 ed.) §§ 9236, 9237.

distinguished from the term "assessment," which is the quasi-judicial act consisting of making a list of the taxpayer's property and fixing its valuation for appraisement and for tax purposes. We are of the view that the issue raised in this proceeding is unrelated to any "levy" within the purview of § 275.26, but rather, it relates to the issue as to whether the property in question has been partially, unfairly, or unequally assessed.

Since the issue here relates to the lawfulness of the assessment, the taxpayer's exclusive remedy is to be found in the provisions of § 278.01, which states:

"Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed, or that such parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid, or that the property is exempt from the tax so levied, may have the validity of his claim, defense, or objection determined by the district court of the county in which the tax is levied by serving copies of a petition for such determination upon the county auditor, county treasurer, and the county attorney and filing the same, with proof of such service, in the office of the clerk of the district court on or before the first day of June of the year in which such tax becomes payable."

We said in State v. Elam, 250 Minn. 274, 281, 84 N. W. (2d) 227, 231:

"Viewing c. 278 in its entirety, in the light of its plain terms and the imperative tenor of its various provisions, we conclude that, in the interest of a better tax-collection practice, the legislature intended that it should provide the exclusive means by which a taxpayer may assert the defense of an unfair or unequal assessment.

"Prior dictum of this court supports the view that the policy of the act to insure prompt payment of taxes requires that the defenses of partial and unfair valuation must be asserted if at all under c. 278."

To the same effect, see Land O' Lakes Dairy Co. v. Village of Sebeka, *supra*.

We also agree with the trial court that the Declaratory Judgments Act is not available to test questions of valuations or assessments in real estate tax matters. Land O' Lakes Dairy Co. v. Village of Sebeka, *supra*.

Affirmed.