JUSTICE McDONOUGH,
dissenting.
The District Court in its opinion and order was correct. All the necessary steps to impose the tax were completed on October 25, 1989. An action of this nature must be brought within 90 days of the imposition of the tax. Section 15-1-406(2), MCA. There are no cases in Montana which have interpreted the term “imposition” relative to the imposition of a property tax.
In Soo Line Railroad Company v. Commissioner of Revenue (Minn. 1985), 377 N.W.2d 453, 458, the court, in what I feel to be a correct analysis, discussed the use of the term in the process of taxation as follows:
[Taxation] consists of two distinct processes — the one relating to the levying or imposition of the taxes on persons or property; the other the collection of the taxes levied. The first is constituted of the provisions of law which determine or work out the determination of the persons or property to be taxed, the sum or sums to be thus raised, the rate thereof and the time and manner of levying and receiving and collecting the taxes. It definitely and conclusively establishes the sum to be paid by each person taxed, or to be borne *414 by each property specially assessed, and creates a fixed and certain demand in favor of the state or a subordinate governmental agency, and a definite and positive obligation on the part of those taxed, and prescribes the manner of its voluntary or enforced fulfillment.
Mayor and City Council of Baltimore v. Perrin, 178 Md. 101, 12 A.2d 261, 264-65 (1940).
When used in connection with the authority to tax, “levy,” strictly speaking, denotes the exercise of a legislative function, which imposes the tax and sets the amount, purpose, and subject of the exaction. Carkonen v. Williams, 76 Wash.2d 617, 458 P.2d 280, 286 (1969). See also Fichtner v. Schiller, 271 Minn. 163, 135 N.W.2d 877, 879 (1965). In view of the interchangeable use of the terms “impose” and “levy” by the United States Supreme Court, e.g., Minneapolis Star & Tribune Co. v. Minnesota Commissioner of Revenue, 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983), we conclude the excise tax was imposed by legislative action, i.e., § 290.02, not by the commissioner’s attempt to collect it, ... (Emphasis added.)
The components that are necessary to impose a tax on pieces of property in Montana are the value of the property, the amount of the millage and the establishment of the sum to be borne by each piece of property. The value of the property is established by the application of the assessment and equalization statutes which is not contested here. The millage, or the rate of tax, was established in this case by the certification of the school board to the county commissioners after public notice of the amount of millage needed. The commissioners then, at their meeting on the second Monday in August of 1989, and after notice to the public, levied the millage and taxes against the taxable property of the district. See § 7-6-2502, MCA. The third step is the computations by the county assessor of the exact tax to be paid by each piece of property and its entry on the assessment book. This, by statute, is to be done by the second Monday in October, and the assessment book is then delivered to the county clerk and recorder with the assessor’s affidavit of completion. See § 15-10-305, MCA. This completes the first step as set forth in the above quotation; it definitely and conclusively establishes the sum to be paid by each person taxed and the sum to be borne by each property specially assessed.
The second step in the process starts by requiring that on or before the third Monday in October, the county clerk and recorder charges *415 the county treasurer with the full amount of the taxes levied and delivers the assessment book to the treasurer. This second process, the collection of the taxes, is not governed by Chapter 10 which provides for the levy or imposition of the taxes. Rather, the collection is governed by law in a different chapter, Chapter 16 of Title 15 of the MCA. Part 1 of said Chapter 16 provides for the notice to be given to the taxpayers, what the notice shall contain, the time and place of payment, etc.
In this specific case the county assessor was late in completing and delivering the assessment book together with the affidavit and it was not done until October 25, 1989. On this date then, all the steps necessary to levy and impose a tax on a specific piece of property owned by a specific person were completed. The 90 day statute of limitations began to run on this date. This action was not filed until January 26, 1990, which is more than 90 days after the tax was imposed.
What the majority opinion has done is add the requirement of the mailing of the notice of taxes due, which is governed by said Chapter 16, as a requirement to the levy and imposition of the taxes. The notice requirement is actually a part of the second process, to wit: the collection of the taxes. I would affirm the order granting summary judgment.