STATE OF MINNESOTA

IN SUPREME COURT

A25-0497

Tax Court                                                                    Gaïtas, J.

Theodore Lockhart, Sr.,

       Relator,

vs.                                                                          Filed:  March 11, 2026
                                                                             Office of Appellate Courts
Hennepin County,

       Respondent.

_____

Theodore Carl Lockhart, Sr., Minneapolis, Minnesota, pro se.

Mary F. Moriarty, Hennepin County Attorney, John S. Pasowicz, Assistant County Attorney, Minneapolis, Minnesota, for respondents Hennepin County and David J. Hough.

Paul D. Reuvers, Andrew A. Wolf, Iverson Reuvers, Bloomington, Minnesota for respondent James D. Verbrugge.

_____

S Y L L A B U S

1.     The tax court had subject matter jurisdiction over the taxpayer's case because each of the counts in the taxpayer's complaint concerned the valuation of the subject property or the property tax assessment process, which are claims under Minnesota state tax law.

1

2. The tax court did not err in dismissing the four counts in the taxpayer's complaint because each of those counts was within the scope of Minnesota Statutes section 278.01, which provides the exclusive remedy for such claims.

3. The tax court did not err when it dismissed the taxpayer's valuation claim at trial because the taxpayer did not overcome the statutory presumption of validity of the county's assessed value of the subject property.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

GAÏTAS, Justice.

In this appeal from the tax court, relator Theodore Lockhart, Sr., the taxpayer, raises several challenges to respondent Hennepin County's assessment of residential property taxes. Lockhart sued the County and two county officials, Hennepin County Administrator David Hough and Bloomington City Manager James Verbrugge, in district court, alleging that they had overvalued Lockhart's residential property and had discriminated against Lockhart during the property tax valuation process. Upon the motion of the County and the county officials, the district court transferred the case to the tax court. Lockhart challenged the transfer, but the tax court denied Lockhart's requests to return the case to the district court. The tax court also dismissed the four enumerated counts in Lockhart's complaint on the basis that Minnesota Statutes chapter 278 provides the exclusive remedy for Lockhart's claims. Following a trial in the tax court regarding the 2022 valuation of the property under chapter 278, the tax court concluded that Lockhart failed to overcome

2

the statutory presumption that the County's valuation was valid and found that the value of the subject property was the assessed value of $849,000. Based on this determination, the tax court dismissed Lockhart's claim regarding the 2022 valuation of the property.

Before this court, Lockhart presents three arguments: the tax court lacked subject matter jurisdiction over the lawsuit he filed in the district court; the tax court erred in dismissing the four enumerated causes of action stated in his complaint; and the tax court improperly dismissed his 2022 valuation claim. Because the tax court had subject matter jurisdiction, did not err in dismissing Lockhart's causes of action, and did not clearly err in determining that Lockhart failed to present substantial evidence to overcome the presumption of validity, we affirm.

**FACTS**

Lockhart, the taxpayer, owns the subject residential property located in Bloomington, Minnesota, which is in Hennepin County. Respondent Hennepin County is the taxing authority. This case involves Hennepin County's 2022 valuation of the subject property.

Lockhart received valuation assessments from Hennepin County for his property for valuation years 2018 through 2023. According to Lockhart's complaint in this case, he initially appealed these valuations to various boards and officials in both Hennepin County and the City of Bloomington. Those appeals alleged that Hennepin County officials made gross material mistakes and mischaracterizations in their valuations of his property.

In 2023, Lockhart filed a complaint in Hennepin County District Court against Hennepin County, Hennepin County Administrator David Hough in his personal and

3

public capacity, and Bloomington City Manager James Verbrugge in his personal and public capacity.[1] Lockhart's complaint concerned the valuation process and valuation of the subject property during valuation years 2018 through 2023.

The complaint included extensive factual assertions regarding the County's valuation process for the subject property for valuation years 2018 through 2023. It alleged that the County overvalued the subject property by failing to consider certain environmental factors, making erroneous book entries, misclassifying the location of the subject property, and improperly using a computer algorithm. Citing alleged Minnesota Tax Court records, the county assessor's website, Lockhart's personal knowledge and experience, and materials entitled "Plaintiff Procured Appraisal Report for Homeowner," "Land Market Valuation analysis," and "market grid sales analysis and other methods," the complaint proposed an alternative valuation for the subject property for valuation years 2018 through 2023.

Based on these factual assertions, Lockhart's complaint identified four causes of action: (1) unjust enrichment; (2) malfeasance; (3) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (ADA) and Minnesota Human Rights Act, Minn. Stat. §§ 363A.11, 363A.12 (2022) (MHRA); and (4) deprivation of rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution and Article I of the Minnesota Constitution. The complaint sought a

---

[1] The tax court dismissed Hough and Verbrugge from the case in August 2024, and only Hennepin County now appears in the case caption. The parties' briefs refer to Hough and Verbrugge, however. We refer to Hennepin County, Hough, and Verbrugge collectively as "respondents" and to respondent Hennepin County as "the County."

declaratory judgment, a writ of mandamus, and an order enjoining the defendants from further discrimination. Additionally, the complaint requested monetary damages for the alleged overvaluation of the subject property and a public apology.

Respondents moved to dismiss the complaint or, alternatively, to transfer the case to the tax court. The district court granted respondents' motion to transfer. In its order, the district court observed that Minnesota Statutes chapter 278 is the statutory mechanism by which taxpayers may dispute their property tax assessments and that property tax assessment claims must be brought under this chapter. The district court then concluded, without specifying the valuation year, that the four counts in the complaint all related to the "alleged overvaluation" of the subject property. Thus, according to the district court, Lockhart's complaint asserted only property tax assessment claims.

The district court also analyzed the tax court's jurisdiction, noting that the tax court has jurisdiction over all questions of law and fact arising under the tax laws of the state and that challenges to property tax assessments arise under tax law. Because all the causes of action in Lockhart's complaint were, in the district court's view, assessment counts—counts that challenged the assessed value of the subject property—the district court transferred the entire case to the tax court, including pending motions.[2]

Following the transfer, Lockhart filed several motions in the tax court, including a motion for an order to show cause. In an April 2024 order, the tax court construed

_____

[2]  The motions pending in the district court were respondents' motions to dismiss and to strike Lockhart's demand for a jury trial, and Lockhart's motion for summary judgment and "Motion to Strike or in the Alternative to Treat Defendants' Motions as a Summary Judgment Motion." It is unclear from the record what Lockhart sought to strike.

5

Lockhart's show-cause motion as a challenge to the validity of the district court's transfer order. The tax court upheld the transfer, determining that all of Lockhart's counts, which were essentially challenges to the valuation of the subject property, arose under the tax laws. Accordingly, the tax court concluded that the district court properly exercised its discretionary power to transfer the case to the tax court.

Following the tax court's April 2024 order, Lockhart continued to challenge the tax court's subject matter jurisdiction. In an August 2024 order, the tax court addressed Lockhart's challenges and respondents' pending motion to dismiss.

The August 2024 order again rejected Lockhart's argument that the tax court lacked subject matter jurisdiction. And, upon determining that each of the counts in Lockhart's complaint concerned the process by which the County assessed the subject property, the assessed value of the subject property itself, or the purported illegality of the tax assessment process, the August 2024 order granted respondents' motion to dismiss the four enumerated counts in Lockhart's complaint because the tax laws provide the exclusive remedy for such property tax assessment counts. The August 2024 order stated that Lockhart would be permitted to pursue his challenges to the "valuation and unequal assessment" of the subject property under chapter 278. But because Lockhart's valuation and unequal assessment claims for valuation years 2018 through 2021 were time-barred, the tax court dismissed those claims. And because a challenge under chapter 278 may not include claims for "more than one [valuation] year," the tax court dismissed without prejudice the claim for valuation year 2023. The tax court's August 2024 order left one claim remaining for trial: that the

6

County overvalued and unequally assessed the subject property for valuation year 2022 (the 2022 valuation claim).

In February 2025, the tax court held a trial on the 2022 valuation claim. At trial, Lockhart primarily sought to establish that the tax court lacked subject matter jurisdiction over the proceedings, and consequently, all the tax court's rulings were void.[3] The tax court asked Lockhart for his view regarding the 2022 value of his property. Lockhart testified that his property was worth $566,000 and that he had used "twenty different methods" to reach that value, including "market valuation," "land valuation," "several assessors," and a "lawful administrative order." He asked the tax court to consider all his previous filings in the case as evidence, and the tax court declined to do so.

Following Lockhart's testimony, the County moved to dismiss the 2022 valuation claim under Minnesota Rule of Civil Procedure 41.02(b), which allows a court to render judgment against a plaintiff if the plaintiff has shown no right to relief. *See* Minn. R. Civ. P. 41.02(b). The County argued that Lockhart had not presented sufficient evidence to overcome the statutory presumption of validity of the County's assessment. *See* Minn. Stat. § 272.06 ("All such [property tax assessments] shall be presumed to be legal until the contrary is affirmatively shown . . . .").

The tax court granted the County's motion on the record. It noted that Lockhart had not provided any "substantive or substantial evidence" of the value of his property. The tax court concluded that Lockhart had failed to present sufficient evidence to overcome the

---

[3] Before the trial began, the tax court again denied on the record Lockhart's argument that the case should be dismissed for lack of subject matter jurisdiction.

7

statutory presumption and had not shown any right to relief. It dismissed Lockhart's 2022 valuation claim and upheld the County's 2022 assessed value of $849,000 for the subject property.

Subsequently, the tax court issued a post-trial order detailing its findings of fact and conclusions of law. The tax court's post-trial order again addressed Lockhart's claim that the tax court lacked subject matter jurisdiction, noting that its earlier written orders—including the April 2024 order, the August 2024 order, and orders made in response to motions for reconsideration that Lockhart filed after the tax court issued its August 2024 order—had addressed this issue and that any objection to its jurisdiction was overruled on the same basis already set forth in the previous orders. Additionally, the tax court's post-trial order explained that it had granted the County's Rule 41.02(b) motion to dismiss based on the statutory presumption that a county's assessment is valid and Lockhart's failure to present any valuation evidence beyond his own lay opinion.

Lockhart appealed to this court by writ of certiorari. *See* Minn. Stat. § 271.10.[4]

## ANALYSIS

Before this court, Lockhart presents three arguments: the tax court lacked subject matter jurisdiction over the lawsuit he filed in the district court; the tax court erred in

---

[4] Before this pending appeal, in October 2023, Lockhart also appealed to the court of appeals, challenging the transfer of his case to the tax court. The court of appeals dismissed the appeal because the transfer order was not a final order. It noted that Lockhart may seek review from this court of a tax court's final order pursuant to Minnesota Statutes section 271.10, subdivision 1. Additionally, Lockhart petitioned this court for a writ of mandamus, asking us to direct the tax court to hear one of his pretrial motions. We denied that petition in December 2024.

dismissing the four counts stated in his complaint; and the tax court improperly dismissed his 2022 valuation claim.

Our review of tax court decisions is limited and deferential. *Associated Bank, N.A., v. Comm'r of Revenue*, 914 N.W.2d 394, 400 (Minn. 2018) (quoting *Minn. Energy Res. Corp. v. Comm'r of Revenue*, 886 N.W.2d 786, 792 (Minn. 2016)). We may review a final order of the tax court "to determine whether the tax court lacked subject matter jurisdiction, whether the tax court's decision is supported by evidence in the record, and whether the tax court made an error of law." *Id.* (quoting *Hohmann v. Comm'r of Revenue*, 781 N.W.2d 156, 157 (Minn. 2010)); Minn Stat. § 271.10, subd. 1.

With these standards in mind, we now turn to Lockhart's three arguments.

I.

We first consider Lockhart's challenge to the tax court's subject matter jurisdiction. Whether the tax court has subject matter jurisdiction over a case is a question of law that this court reviews de novo. *S. Minn. Beet Sugar Coop v. County of Renville*, 737 N.W.2d 545, 551 (Minn. 2007).

The tax court's subject matter jurisdiction, as established by statute, is as follows: "[e]xcept for an appeal to the supreme court or any other appeal allowed under this subdivision, the Tax Court shall be the sole, exclusive, and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state . . . in those cases that have been appealed to the Tax Court and in any case that has been transferred by the district court to the Tax Court." Minn. Stat. § 271.01, subd. 5. Under Minnesota Statutes section 271.01, subdivision 5, cases may arrive at the tax court

9

in two ways: they may be directly "appealed to the Tax Court" or "transferred by the district court to the Tax Court." *Id.* A district court has the discretionary power to transfer cases to the tax court. *See Wulff v. Tax Court of Appeals*, 288 N.W.2d 221, 224–25 (Minn. 1979). This statutory language "indicates that when a case is transferred from the district court to the tax court, the tax court acquires the district court's jurisdiction to decide all issues in a particular case, implicitly including all constitutional issues." *In re McCannel*, 301 N.W.2d 910, 920 (Minn. 1980). We have interpreted section 271.01, subdivision 5, as reflecting the Legislature's intent for the tax court to have the power to decide a case completely. *Id*. Accordingly, when the district court transfers a case to the tax court, the tax court acquires jurisdiction to decide all issues in the case, including issues that the tax court may not ordinarily have jurisdiction to consider, such as constitutional issues that were raised in the district court before the case was transferred. *Id.*; *see also Erie Mining Co. v. Comm'r of Revenue*, 343 N.W.2d 261, 264 (Minn. 1984). The tax court does not, however, have jurisdiction in "any case that does not arise under the tax laws of the state." Minn. Stat. § 271.01, subd. 5.

We conclude that the tax court had subject matter jurisdiction over Lockhart's claims. First, when the district court transferred the case, the tax court acquired jurisdiction. Because the district court determined that all of Lockhart's counts arose under tax law, the district court properly exercised its discretionary authority to transfer the case to the tax court. *See Wulff*, 288 N.W.2d at 224–25. Once the district court transferred the case to the tax court, the tax court acquired the district court's jurisdiction to decide all issues in the case. *See McCannel*, 301 N.W.2d at 920.

10

Second, we discern no error in the tax court's determination that each of the four counts in Lockhart's complaint was a property tax assessment claim that arose under the tax laws of the state. Minnesota Statutes section 278.01, subdivision 1(a), provides a taxpayer with a cause of action to challenge a property tax assessment based on five grounds: (1) the property "has been assessed at a valuation greater than its real or actual value"; (2) the property has been "partially, unfairly, or unequally assessed"; (3) the property tax is illegal; (4) the property is exempt from tax; and (5) the tax has already been paid. Minn. Stat. § 278.01, subd. 1(a). "If a challenge to a property tax assessment is based on one of the five statutory grounds, chapter 278 provides the exclusive means for bringing such a challenge." *Walmart, Inc. v. Winona County*, 963 N.W.2d 192, 198 (Minn. 2021) (citation omitted) (internal quotation marks omitted). Under section 278.01, subdivision 1(a), a property tax assessment includes the entire "process by which taxable value" of a property "is ascertained." *See Programmed Land, Inc., v. O'Connor*, 633 N.W.2d 517, 526 (Minn. 2001). Thus, claims that attack the process by which the taxable value of a subject property is ascertained, even claims brought under other statutes or under the United States Constitution, are property tax assessment claims within the scope of section 278.01 if those claims fall within one of the categories identified in the statute. *See Odunlade v. City of Minneapolis*, 823 N.W.2d 638, 645 (Minn. 2012) (holding the above for statutory claims); *Walmart*, 963 N.W.2d at 199–200 (holding the same for equal protection constitutional claims). Here, each of Lockhart's four counts raised in his complaint falls under section 278.01.

11

Lockhart's first count for "unjust enrichment" alleged that respondents' retention of the property tax payment was wrong because the payment was based on an overvaluation of the subject property. This count falls under section 278.01, which allows a claim for overvaluation of a property. *See* Minn. Stat. § 278.01, subd. 1(a) ("Any person having personal property . . . who claims that such property . . . has been assessed at a valuation greater than its real or actual value . . . may have the validity of the claim . . . determined by the district court of the county in which the tax is levied or by the Tax Court . . . ."); *see also Programmed Land*, 633 N.W.2d at 527 (explaining that section 278.01 encompasses challenges to "[a]n overvaluation of a property's market value").

Lockhart's "malfeasance" count alleges statutory violations that concern the process by which respondents assessed the value of the subject property. Such claims fall under section 278.01. *See Odunlade,* 823 N.W.2d at 645; *see also* Minn. Stat. § 278.01, subd. 1(a).

The complaint's third count for "disability discrimination" alleges that respondents engaged in disability discrimination under federal and state law by assessing the subject property in a discriminatory manner because Lockhart is disabled. Our decision in *Walmart, Inc. v. Winona County* controls. There, we held that equal protection constitutional claims were property tax assessment claims that fell within the scope of section 278.01 because the equal protection claims alleged discrimination based on unfair and unequal valuation of property. 963 N.W.2d at 199–200. Although *Walmart* addressed constitutional claims, Lockhart's statutory discrimination count is similar—it alleges that Lockhart's property was unequally assessed because of his disability. In *Walmart* we

12

recognized that the Legislature used broad language in section 278.01, intending that section 278.01 provide a simple and exclusive remedy for property tax valuation disputes, and that the statute did not make an exception for constitutional claims. *Id.* at 200–01. The same reasoning applies here. Lockhart has asserted a claim for unequal assessment based on a disability. Section 278.01 is meant to provide a remedy for such a claim. And nothing in section 278.01 makes an exception for statutory disability discrimination claims. Lockhart's disability discrimination count therefore falls within the scope of section 278.01.

The fourth count in Lockhart's complaint alleges that respondents deprived Lockhart of his constitutional rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution and Article I of the Minnesota Constitution with the process used to assess the value of the subject property. Again, this count falls under section 278.01 because it disputes the assessment process. *See Programmed Land*, 633 N.W.2d at 524 (holding that an "assessment" under section 278.01 includes "the entire *process* that results in the determination of a property's taxable value" (emphasis added)); *see also Walmart*, 963 N.W.2d at 205 (holding that "chapter 278 is the exclusive process for Walmart to challenge the Counties' assessment of its Properties for violating Walmart's constitutional rights to equal protection and uniformity in taxation under the federal and state constitutions").

Therefore, because the tax court acquired jurisdiction over the case when the district court transferred the case to the tax court, and because each of the four counts in Lockhart's complaint was a property tax assessment claim within the scope of section 278.01, the tax

13

court did not err as a matter of law in rejecting Lockhart's challenge to its subject matter jurisdiction.

## II.

We next consider Lockhart's argument that the tax court erred by dismissing the four enumerated counts in Lockhart's complaint: (1) unjust enrichment; (2) malfeasance; (3) ADA and MHRA discrimination; and (4) deprivation of constitutional rights under color of law. The tax court dismissed the four counts after determining that they fell within the scope of section 278.01 because that statute provides the exclusive remedy for such claims. And the tax court instead only allowed claims concerning valuation and unequal assessment under chapter 278 to proceed against the County, and only as to the 2022 valuation year that was not barred by chapter 278's statute of limitations.

Lockhart contends that the dismissal of his four enumerated counts was improper because the tax court lacked jurisdiction over the case. We have already rejected Lockhart's jurisdictional argument in Part I. In Part I, we addressed each of the four counts in Lockhart's complaint and concluded that they are within the scope of section 278.01 because, in essence, they are challenges to the valuation of the subject property or the valuation process used.

Lockhart further argues that the tax court unlawfully "gerrymandered" his complaint. We construe this argument as a challenge to the tax court's determination that the counts in Lockhart's complaint were within the scope of section 278.01. We also addressed this in Part I and concluded that each of the four counts in Lockhart's complaint is within the scope of section 278.01 because, in essence, they are challenges to the

14

valuation of the subject property or the valuation process used. We address more fully here why, given this conclusion, it was appropriate to dismiss the enumerated counts in Lockhart's complaint.

The tax court has authority to dismiss a claim based on the exclusiveness of the remedy provided in section 278.01. *See Odunlade*, 823 N.W.2d at 644; *Walmart*, 963 N.W.2d at 200; *see also, e.g.*, *Fichtner v. Schiller*, 135 N.W.2d 877, 880–81 (Minn. 1965) (affirming the dismissal of a property tax assessment claim initially brought under Minnesota Statutes section 275.26 because section 278.01 is the exclusive remedy for property tax assessment claims). Property tax assessment claims must be brought in accordance with the procedures provided in section 278.01. *See Bethke v. Brown County*, 223 N.W.2d 757, 760–61 (Minn. 1974) (confirming that claims challenging the reassessment of property taxes were tax assessment claims that fell within the scope of section 278.01). Moreover, dismissal of claims that should have been brought under section 278.01, but were not, comports with the Legislature's intent in enacting section 278.01. The Legislature intended to provide a "simple remedy for the taxpayer to have . . . real estate tax grievances determined." *Land O'Lakes Dairy Co. v. Village of Sebeka*, 31 N.W.2d 660, 665 (Minn. 1948). Allowing property tax claims to be brought under another law not contemplated by the Legislature would lead to an undesirable "multiplicity of suits." *See id.*

The tax court's dismissal of the counts in the complaint, based on its determination that these counts were within the scope of section 278.01, was proper. Although the counts in Lockhart's complaint were asserted under various common law, statutory, and

15

constitutional provisions, those counts were, in substance, property tax claims that fall under section 278.01. The tax court had the authority to dismiss the counts based on the exclusiveness of the remedy provided in section 278.01. It appropriately exercised that authority here. The tax court permitted Lockhart's claims concerning valuation and unequal assessment to instead proceed under chapter 278, limited by the statute of limitations to the 2022 valuation year. *See* Minn. Stat. § 278.01, subd. 1(c) (statute of limitations); Minn. Stat. § 278.02 (limitation to one assessment date in petition).

Accordingly, the tax court did not err as a matter of law in dismissing the four enumerated counts. Nor did it err by instead considering Lockhart's challenge to the valuation of the subject property and the valuation process under chapter 278 and its requirements.

## III.

Finally, we consider whether the tax court erred when, after trial, it dismissed Lockhart's 2022 valuation claim under chapter 278. Lockhart's brief seems to challenge the dismissal of the 2022 valuation claim on the grounds that the tax court lacked subject matter jurisdiction over the case. We have already addressed Lockhart's argument regarding the tax court's subject matter jurisdiction. Because respondents construe Lockhart's argument as a challenge to the tax court's determination that Lockhart failed to present sufficient evidence at trial to overcome the statutory presumption in favor of the assessed value of the subject property, we consider this argument in the interest of completeness.

16

Minnesota tax law presumes that a county's property tax assessment is valid ("the presumption of validity"). *S. Minn. Beet Sugar Coop*, 737 N.W.2d at 557. To overcome this presumption, the taxpayer must offer substantial evidence that invalidates the assessment. *Court Park Co. v. County of Hennepin*, 907 N.W.2d 641, 644 (Minn. 2018). Substantial evidence is credible evidence that the county's estimated market value is incorrect. *Id*. (quoting *Guardian Energy, LLC, v. County of Waseca*, 868 N.W.2d 253, 258 n.6 (Minn. 2015)). To determine whether the taxpayer has overcome the presumption of validity, the tax court must only consider the taxpayer's evidence presented at trial. *Id.* at 645. While the presumption is not a high bar, if the taxpayer cannot overcome the presumption, the county's assessment will be upheld. *See Vasko v. County of McLeod*, 10 N.W.3d 482, 494–95 (Minn. 2024).

Here, the tax court determined that Lockhart failed to present substantial evidence to overcome the presumption of validity. We review the tax court's determinations about whether the taxpayer presented sufficient evidence to overcome the presumption of validity for clear error. *See Vasko*, 10 N.W.3d at 494.

At trial, Lockhart testified that, in his opinion, the subject property was worth $566,000. As a basis for his opinion, Lockhart testified that he relied on various documents and calculation methods. But he did not introduce the documents into evidence or explain how he calculated the value of the property or why those calculations were reliable. The tax court found that Lockhart's testimony was not credible. We defer to the tax court's credibility determinations. *See Court Park*, 907 N.W.2d at 645. Moreover, because substantial evidence to invalidate an assessment is credible evidence that the county's

17

estimated market value is incorrect, *id.* at 644, the tax court did not clearly err in determining that Lockhart failed to overcome the presumption of validity.

Our conclusion is consistent with our case law. In *Vasko*, we recently determined that the tax court did not clearly err when it found that the taxpayer failed to present sufficient evidence to overcome the presumption of validity. 10 N.W.3d at 494–95. There, the taxpayer's only trial evidence was property tax statements and real estate website listings for other properties in the area. *Id.* at 494. The taxpayer did not, however, show that those properties were comparable to the subject property. *Id.* And on cross-examination, the taxpayer admitted that she had no information about the other properties. *Id.* Similarly, Lockhart provided his opinion of the subject property's value. But Lockhart's opinion testimony was not found to be credible, and he did not support his opinion testimony with any evidence.

Thus, the tax court did not clearly err in determining that Lockhart failed to present substantial evidence to overcome the presumption of validity. Because Lockhart failed to overcome his burden, the tax court did not err when it dismissed the 2022 valuation claim.[5]

---

[5] Lockhart moved to strike respondents' brief to this court. His motion asserts that respondents' brief contains irrelevant information and will delay the proceedings. The motion also repeats arguments that Lockhart made in his principal brief to our court. Contrary to Lockhart's assertions, respondents' brief cites to facts in the record, raises issues related to the tax court's final order, and caused no delay in the proceedings. We accordingly deny Lockhart's motion to strike. *Contra State v. Manley*, 664 N.W.2d 275, 286 (Minn. 2003) (striking arguments in a brief that are not supported by the record).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the tax court.

Affirmed.